IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**AIWASS PASEB**                                                                                     **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 5:10cv165- DCB-RHW**

**SECRETARY OF THE INTERIOR,** *et al.*                                **DEFENDANTS**

**REPORT AND RECOMMENDATION**

This case was transferred to this Court on October 7, 2010, from the United States District Court for the Middle District of Pennsylvania. At that time there were two plaintiffs, prisoner Frederick Banks and non-prisoner Aiwass Paseb, who had filed a joint complaint asserting violation of civil rights. Following the transfer, this Court entered [1] an order requiring the Plaintiffs to file separate complaints which would be assigned new case numbers.

The Complaint [2] filed for Aiwass Paseb, states as to Paseb that he is an individual Lakota Sioux American Indian; that he is not an inmate; that "Banks personally assigned these claims to Paseb;" and that Paseb is seeking relief under the Administrative Procedures Act, the Fifth Amendment due process clause, 28 U.S.C. §§ 1354 and 1651, 28 C.F.R. § 541.22 *et seq.*, and the Sioux Fort Laramie Treaty of 1868. All remaining allegations of the complaint, and all the relief requested in the complaint concern Banks' treatment in prison. There are no factual allegations whatsoever regarding Paseb.[1]

While prisoners' rights are protected by 42 U.S.C. § 1983, the statute itself creates no substantive right; it provides only a remedy to vindicate rights established under the constitution and laws of the United States. "The right to bring an action under the Civil Rights Act is personal in nature," and a section 1983 plaintiff "must allege that he was deprived of a

---

[1] The Pennsylvania court noted the lack of allegations as to Paseb in its transfer order. [4, n. 1]

constitutionally protected right by a person acting under color of state law." *Johnson v. Fordice*, 996 F.2d 306 (5th Cir. 1993) (citing *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986); *Fyfe v. Curlee*, 902 F.2d 401, 403 (5th Cir.), *cert. denied*, 498 U.S. 940 (1990)).  Paseb has not alleged that he has been deprived of any federal constitutional right.

## RECOMMENDATION

The undersigned recommends that Paseb's complaint be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party who objects to this Report and Recommendation must, within fourteen (14) days after being served a copy of the Report and Recommendation, file with the Clerk of this Court his written objections to the Report and Recommendation, and must serve them upon the other parties and submit them to the assigned District Judge.  Within seven (7) days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that they do not intend to respond to the objection.  An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 19th day of April, 2011.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE